# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Jose Carlos Rosado-Acha,<br><br>Plaintiff,<br><br>v.<br><br>Roberto Rosado, et al.,<br><br>Defendants. | **Civil No. 17-1031 (SEC)** |

## OPINION & ORDER

Pending before the Court is a motion to dismiss and/or transfer venue filed by Roberto Rosado and Brenda Rosado ("Defendants"). ECF No. 29. The motion is denied.

### I. Background

In January 2016, Plaintiff Jose Carlos Rosado-Acha ("Plaintiff") suffered an acute medical condition that left him with severe neurological defects, including the inability to express or understand speech (aphasia), among other things. See ECF No. 32, ¶ 6. To this date, Plaintiff "needs moderate to maximum assistance on mobility and functional tasks, and needs maximum assistance on expression and cognitive skills." Id. at ¶ 7.

In order to assist Plaintiff with his hospitalization and recovery, Defendants traveled from their residence in Pennsylvania to Puerto Rico.[1] Plaintiff alleges that while he was at the hospital, Defendants had him sign a document allegedly authorizing Defendants to dispose of "several assets" belonging to Plaintiff. Id. at ¶ 9. Plaintiff avers that Defendants acted with fraudulent intent because beforehand they knew, given his medical condition, that Plaintiff was unable to provide any consent. The entire episode was video-recorded and attached to the Complaint.

Using the sham authorization, Plaintiff alleges, Defendants performed a variety of "larcenous" acts without his knowledge. For instance, Defendants transported Plaintiff's vehicles – a Land Rover and a BMW M6 – from Puerto Rico to their residence in Pennsylvania. Id. at ¶ 12. The Defendants also "stole" other vehicles, see id. at ¶ 20, and "ransacked" Plaintiff's house. Id. at ¶ 13. Defendants took Plaintiff's personal belongings (including furniture), and even gifted some of these belongings to their friends and relatives. Finally, Defendants also usurped a substantial amount of cash from Plaintiff.[2] In the end, Plaintiff alleges that he and his son were "abruptly left without a home and destitute with no money for expenses." Id. at ¶ 25.

---

[1] Although the complaint is not specific on this point, it appears that Plaintiff and Defendants are related, and that, while in Puerto Rico, the Defendants stayed at Plaintiff's residence.

[2] The details are cloudy, at best. For instance, Plaintiff claims that the monies taken by Defendants to Pennsylvania consisted of cash "from plaintiff's federal express gold card ($15,000) … ." It is not clear whether that refers to the maximum credit line on that card, or whether the Defendants took out a cash advance. Also curious is that Plaintiff alleges Defendants took "cellphone expenses that total the amount of $400.00." The statement is murky, except perhaps if Plaintiff meant that the Defendants used the phone and incurred $400 in cellular charges.

**II.    Standards of Review**

a. <u>Motion to Dismiss under Rule 12(b)(2)</u>

Under Fed. R. Civ. P. 12(b)(2), a defendant may request dismissal of an action asserted against him for lack of personal jurisdiction. When a district court considers a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, "it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long arm statute and the Due Process Clause of the Constitution." <u>U.S. v. Swiss American Bank, Ltd.</u>, 274 F.3d 610, 618 (1st Cir. 2001)(citing <u>United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.</u>, 987 F.2d 39, 44 (1st Cir. 1993)). The court will determine if it can assert specific jurisdiction over a defendant by conducting a two-prong analysis: (1) whether the forum has a long-arm statute that authorizes jurisdiction over the defendant; and (2) "whether the defendant has the requisite minimum contacts with the forum such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." <u>Rivera-Olivera v. Antares Oil Services, LLC</u>, 957 F.Supp.2d 119, 124 (D.P.R. 2013)(citing <u>Int'l. Shoe Co. v. Wash.</u>, 326 U.S. 310, 316 (1945)).

Because Puerto Rico's long-arm statute "provides personal jurisdiction to the full extent of constitutional authority," the analysis proceeds under the due process or minimum contacts provisions. <u>Id.</u> at 124. However, "the two modes of analysis merge into one because the reach of Puerto Rico's long-arm statute is coextensive with the reach of the Due Process Clause." <u>Carreras v. PMG Collins, LLC.</u>, 660 F.3d 549, 552

(1st Cir. 2011). In this circuit, the constitutional test for determining specific jurisdiction has three distinct components: (1) relatedness, (2) purposeful availment, and (3) reasonableness. Estate of Rosario v. Falken Tire Corp., 109 F.Supp.3d 485, 495 (D.P.R. 2015). The court must find that each of these factors is present to support a finding of specific personal jurisdiction. Swiss Am. Bank, Ltd., 274 F.3d at 625.

   a. Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'")(quoting Twombly, 550 U.S. at 555) (citations omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see e.g. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly, 550 U.S. 544, and Iqbal, 556 U.S. 662. "Context based" means that a Plaintiff must

allege sufficient facts that comply with the basic elements of the cause of action. See Iqbal, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a Bivens claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.' " Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 556 U.S. 678) (quoting Twombly, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. Id.

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it

has not 'show[n]' 'that the pleader is entitled to relief.' " Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 679-80 (citing Twombly, 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez, 640 F.3d at 12, (citing Iqbal, 556 U.S. 679); Sanchez v. Pereira-Castillo, 590 F.3d 31, 45 (1st Cir. 2009).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" even if seemingly incredible. Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010) (citing Twombly, 550 U.S. at 556); Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 556 U.S. 679); see Twombly, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); see Ocasio-Hernandez, 640 F.3d at 12 (citing Twombly, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.' "). Instead, the First Circuit has emphasized that "[t]he make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." Sepúlveda-Villarini, 628 F.3d at 29. Additionally, a district court may not weigh evidence in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 39 n. 6 (2012)(emphasizing that

a primary difference between a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) is that, under Rule 12(b)(1), a court may weigh the evidence and make factual determinations).

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." Id. at 596; see Iqbal, 556 U.S. at 681("To be clear, we do not reject [ ] bald allegations on the ground that they are unrealistic or nonsensical.... It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); see Mendez Internet Mgmt. Servs. v. Banco Santander de P.R., 621 F.3d 10, 14 (1st Cir. 2010) (The Twombly and Iqbal standards require district courts to "screen[ ] out rhetoric masquerading as litigation."). The First Circuit recently outlined two considerations for district courts to note when analyzing a motion to dismiss. García-Catalán v. United States, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under Twombly-Iqbal. Id. at 104. Second, district courts should accord "some latitude" in cases where "[a] material part

of the information needed is likely to be within the defendant's control." Id. (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted).

**III.    Discussion**

Defendants move the Court to dismiss the complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction; under Rule 12(b)(6) for failure to state a claim; and for improper venue under Rule 12(b)(3). In the alternative, Defendants also argue that venue is inconvenient in Puerto Rico, and move to transfer the case to Pennsylvania under 28 U.S.C. § 1404.

a. Motion to Dismiss under Rule 12(b)(2)

To recap, a court may exercise authority over a defendant only where there is general or specific jurisdiction over the person. See Donatelli v. National Hockey League, 893 F.2d 459, 462–63 (1st Cir. 1990). General jurisdiction "exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). On the other hand, specific jurisdiction "exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those

activities." Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

Defendants' entire argument on this point is encapsulated in the following sentence: "The defendants are residents of the state of Pennsylvania for the past 30 years, they don't live in Puerto Rico and don't have continuous and systematic contact with Puerto Rico." See ECF No. 29 at p. 5. While this argument addresses the alleged lack of general jurisdiction, it fails as to specific jurisdiction. The litigation in this case is founded on Defendants' activities in this forum – specifically, in obtaining the written authorization from Plaintiff and then taking possession of Plaintiff's property without his consent. As such, there is a demonstrable nexus between the Plaintiff's claims and Defendants' activities in this forum. The Court therefore has personal jurisdiction over Defendants in this case.

  b. Motion to Dismiss under Rule 12(b)(6)

On this front, Defendants present the following argument:

The facts alleged in the complaint are confused and raised from some heritance procedures that were resolved in other states courts proceedings. Is not clear what are the facts where a remedy or a relief could by granted, more less is not supported by damages that are real and comply with the minimum amount of $75,000 to establish jurisdiction over the subject matter.

Construed as presented (that is, a motion to dismiss for failure to state a claim), Defendants' motion immediately fails. Although Plaintiff has clearly indicated that he is moving for relief under (at least) Article 1802 of the Puerto Rico Civil Code,

Defendants have utterly failed to discuss why the complaint fails to state a claim under that statute (or any other, for that matter).

Instead, Defendants appear to complain that the complaint "is so vague or ambiguous" that they cannot reasonably file a response. Fed. R. Civ. P. 12(e). If so, then Defendants should have moved for a "more definite statement" under Fed. R. Civ. P. 12(e). Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (when a plaintiff files a so-called "shotgun complaint," which asserts multiple causes of action without clarity, "the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement"); see also Rule 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although Defendants have not made such a motion, the Court has inherent authority to act on its own and, *sua sponte*, direct the Plaintiff to re-plead a complaint. Lampkin-Asam v. Volusia Cty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (district courts have a "supervisory obligation," under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint "when a shotgun complaint fails to adequately link a cause of action to its factual predicates.").

Here, the lack of clarity stems largely from Plaintiff's scattershot approach to pleading his legal claims for relief. In particular, the only statute mentioned in the complaint is Article 1802 of the Civil Code, 31 P.R. Laws Ann. § 5141, which is Puerto Rico's general tort statute. In the same paragraph, however, Plaintiff asserts that he is suing Defendants "for Common law cheating and larceny, fraud, and civil theft and

deception, and Breach of Contract, and intentional infliction of intentional distress, and pain and suffering … ." ECF No. 32, ¶ 5. While the latter two are the bread and butter of tort claims under Article 1802, the rest of the claims make no sense. Breach of contract claims, for instance, arise under other sections of the Puerto Rico Civil Code. Likewise, the assertion of causes of action under the "common law" is puzzling given that, as far as diversity jurisdiction is concerned, Puerto Rico is a civil law jurisdiction. Thus, Plaintiff shall amend the complaint one last time, and present his claims in separate counts of the complaint. <u>See</u> <u>e.g.</u> Fed. R. Civ. P. 10(b) ("A party must state its claims […] in numbered paragraphs, each limited as far as practicable to a single set of circumstances. … If doing so would promote clarity, each claim founded on a separate transaction or occurrence […] must be stated in a separate count … ."). Any claim not presented in such a manner shall be disregarded, and/or subject to a new motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Despite its shortcomings, the complaint is largely sufficient as to its factual matter content. Plaintiff alleges that Defendants took advantage of his weakened mental state to obtain a written authorization, which they later used to "steal" his belongings. Still, there are a number of wrinkles that Plaintiff should clarify, such as those mentioned in the footnotes of this opinion.[3] Plaintiff is therefore also ordered to review his complaint

---

[3] Other examples include the following. While Plaintiff first alleges he was hospitalized at HIMA Hospital in Caguas, the alleged sham authorization was signed at Health South Hospital, located in Manati, Puerto Rico. <u>Compare</u> ECF No. 32, ¶ 8 <u>with</u> ¶ 9. Plaintiff also alleges that after suffering his medical condition, the Defendants traveled from Pennsylvania to Puerto Rico, and obtained the sham authorization, all on the same date and in different hospitals. <u>Id.</u>, ¶¶ 6, 8, 9.

and amend it to clarify these inconsistencies. While most of these errors will be sieved out through discovery, Plaintiff would do well to present his case as clearly as possible.

   c. Motion under Rule 12(b)(3)

Defendants next move to dismiss the complaint for improper venue. The Court readily declines the invitation.

In ruling on a motion filed under Rule 12(b)(3), "[a]ll well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits." Wright & Miller, Federal Practice and Procedure § 1352 (3d ed. 2004) (footnotes omitted). Further, "the burden is on the plaintiff to establish that venue is proper in the judicial district in which the action has been brought." Turnley v. Banc of Am. Inv. Servs., Inc., 576 F. Supp. 2d 204, 211 (D. Mass. 2008).

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Defendants correctly posit that the first prong is inapplicable since they do not reside in Puerto Rico. However, as to the second prong, their argument falters.

On this prong, the question becomes whether Puerto Rico is "a judicial district in which a substantial part of the events ... giving rise to the claim occurred." Id. In making this determination, the Court looks "not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim." Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 (1st Cir. 2001). Further, the Court must not "focus on the actions of one party," but rather must take a "holistic view of the acts underlying a claim." Id. (internal punctuation omitted). Finally, the Court is "not required to determine the best venue, merely a proper venue." Id.

On this issue, Defendants argue that "the allegations of the Complaint do not specify where the events occurred and the date of the events." See ECF No. 29 at ¶ 4.7. For starters, Defendants fail to explain why the precise date of events is relevant to this analysis. But, more importantly, the contention that the Complaint does not specify where the events took place is false.

As mentioned above, the Complaint clearly states that Defendants fraudulently obtained Plaintiff's authorization in a hospital room in Puerto Rico. There was also, apparently, a notary public present in the room. Using that authorization, Defendants took Plaintiff's possessions, which were in Puerto Rico, without his consent. Taking a holistic view of the sequence of events alleged in the Complaint, the Court finds that a substantial part of the events giving rise to this case occurred in Puerto Rico. Venue is therefore proper in this forum.

d. <u>Motion to Transfer Venue under 28 U.S.C. § 1404(a)</u>

District courts may transfer any civil action to any other district or division where it might have been brought, if the transfer is "in the interest of justice," and made for "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988). Compared to the other federal venue provisions, the analysis under § 1404(a) presumes that the plaintiff's choice is proper. Thus, under § 1404(a), the movant bears the burden of showing that a transfer is not only appropriate, but also preferable under the circumstances. <u>Coady v. Ashcraft & Gerel</u>, 223 F.3d 1, 11 (1st Cir. 2000).

The § 1404(a) analysis starts with the consideration of the statutory elements: whether the transfer is "[f]or the convenience of parties and witnesses, [and] in the interest of justice." <u>Coady</u>, 223 F.3d at 11. Depending on the circumstances of each case, courts may—when relevant—consider a vast array of other factors that assist with this determination. These include "the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." <u>Id.</u> citing <u>Cianbro Corp. v. Curran–Lavoie, Inc.</u>, 814 F.2d 7, 11 (1st Cir. 1987). Other considerations are drawn from the forum non conveniens doctrine, and include the relative congestion between the transferor and transferee district; the local interest in

having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981).

Out of this universe of potential considerations, Defendants stick to the basics. Their first argument is that this forum is inconvenient because the parties and witnesses are located in Pennsylvania. This statement is not accurate. Besides themselves, Defendants do not specify what other witnesses are located outside Puerto Rico. To the contrary, any witnesses involved in this case are most likely located in Puerto Rico. For instance, the Complaint mentions that a notary public was present when Defendants and Plaintiff executed the authorization at the hospital room. See ECF No. 32, ¶ 10. The Complaint also states that after "ransacking" Plaintiff's house, Defendants gifted Plaintiff's belongings (including his furniture) to friends and relatives of co-defendant Brenda Rosado. See Id. at ¶ 13. Finally, the complaint states that Defendants used a moving company to transfer Plaintiff's belongings to the mainland.

On the other hand, Defendants say that, as residents of Pennsylvania, it will be inconvenient for them to travel to Puerto Rico if this case ever reaches trial. That is most likely true. But, in this analysis, the question is whether the forum is convenient for parties, in plural. On the balance, the Court finds that Defendants' inconvenience does not, by itself, warrant a transfer of venue. The presumption that Plaintiff's choice of forum is adequate prevails.

### IV. Conclusion

Defendants' motion is denied. Plaintiff is directed to file an amended complaint that is consistent with the Court's Opinion within fourteen (14) days. Defendants shall file their answer within twenty (20) days.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of March, 2018.

*s/ Daniel R. Dominguez*
DANIEL R. DOMINGUEZ
U.S. Senior District Judge
